IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-822-BO

| | |
|---|---|
| KISOKA N. LUBULA, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| REX HEALTHCARE, INC., | ) |
| Defendant. | ) |

This matter is before the Court on defendant Rex Healthcare, Inc.'s Motion for Summary Judgment. [DE 41]. Plaintiff has responded [DE 47], and the matter is ripe for adjudication. For the following reasons, defendant's Motion is GRANTED.

BACKGROUND

Pro se plaintiff Kisoka Lubula brought this action against Rex Healthcare, Inc. (Rex), alleging various violations of Title VII of the Civil Rights Act of 1964 (Title VII). Rex hired plaintiff in November 2006 as a part-time certified nursing assistant (CNA). Her position subsequently became full-time, and in November 2009, she became a casual status employee.[1] Ms. Lubula remained a casual CNA until her resignation on November 14, 2012. In her complaint, Ms. Lubula alleges that Rex unlawfully discriminated against her on the basis of her

---

[1] An employee at Rex can be full-time, part-time, or causal status. Casual status employees are not eligible for employment benefits and are required to work a minimum of 24 hours in a six week period. After meeting that requirement, they can request additional shifts in other units.

national origin and race.[2] Though Ms. Lubula's causes of action are not explicitly laid out in the complaint, she appears to allege disparate treatment, harassment, retaliation, and constructive discharge, and the Court will construe her claims as such.

## DISCUSSION

Rex seeks entry of summary judgment on plaintiff's claim that Rex violated Title VII. Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e–2(a). In Title VII claims, there are two avenues through which a plaintiff may avoid summary judgment. First, a plaintiff may survive a summary judgment motion by presenting direct or circumstantial evidence that discrimination motivated the employer's adverse employment decision. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). "The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima face case of discrimination, demonstrates that the employer's proffered

---

[2] The Court notes that nowhere in the pleadings or memoranda any by either party is plaintiff's race or national origin defined, although plaintiff does state that her native languages are French and Swahili. [DE 47 at 5].

2

permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Id.* at 285. Ms. Lubula has not presented any direct evidence that discrimination motivated Rex's adverse employment decisions, thus the Court addresses plaintiff's claims under the pretext framework.

DISCRIMINATION

Ms. Lubula alleges that Rex discriminated against her by giving her shifts to her full-time co-worker, Natalie Adams (Adams). The Court construes this as a disparate treatment claim. In order to establish a prima facie case for disparate treatment under Title VII, Ms. Lubula must establish that she belongs to a protected class, was subjected to adverse employment action with respect to shift opportunities, maintained satisfactory job performance, and similarly-situated employees outside her class received more favorable treatment. *See, e.g., McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973), *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004); *Purchase v. Astrue*, 539 F. Supp. 2d 823, 830 (E.D.N.C. 2008). Comparison employees must be similarly situated in all relevant aspects. *Id.* citing *Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001).

Because plaintiff's complaint fails to set out her race or national origin, it is unclear whether plaintiff even belongs to a protected class. Likewise, it is unclear whether Adams is outside Ms. Lubula's class. Moreover, plaintiff cites no evidence from which a rational factfinder could conclude that a similarly-situated employee outside the protected class was given preferential scheduling treatment. Although Ms. Lubula contends that she was similarly situated to Adams, Adams does not qualify as "similarly situated" to Ms. Lubula, as Adams was a full-time employee. Plaintiff does not cite any other "similarly-situated" employees. The record provides no indication that any casual status employees were given preferential treatment over Ms. Lubula

3

in scheduling. Accordingly, plaintiff fails to make out a prima facie case of disparate treatment, and defendant is entitled to summary judgment on plaintiff's discrimination claim.

HARASSMENT

Ms. Lubula also alleges that she was harassed because of her race and national origin. To establish a prima facie case of harassment, plaintiff must show that her co-workers' acts were severe and pervasive enough to create a hostile working environment and that some basis exists to impute liability to the employer, in this case, Rex. *Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1130 (4th Cir. 1995). Plaintiff's claim fails because no rational factfinder could conclude by a preponderance of the evidence that her co-workers' acts were so severe or pervasive that they created a hostile work environment. The only allegations that could be construed as harassment in plaintiff's complaint are use of "foul language," "false accusations," and "bogus warning letters." These bald assertions lack sufficient support to demonstrate by a preponderance of the evidence that plaintiff was subjected to a hostile work environment.

Even if the Court considers plaintiff's 2012 complaint to Rex alleging co-worker harassment [DE 42–1], none of plaintiff's proffered examples of harassment even mention plaintiff's race or national origin. Instead, plaintiff complains that co-workers stated she had poor English and spoke rudely to her. *Id.* These accusations fall far short of the language the Fourth Circuit has recognized as sufficient to raise a material question of fact as to harassment. *See Amrimokri*, 60 F.3d at 1130–31 (finding no question of material fact on evidence that employee of Iranian national origin was subjected to co-workers calling him "the local terrorist," and "camel jockey"). Even if the Court were to assume that Ms. Lubula properly demonstrated that the work environment was hostile, she has put forth no basis for imputing liability to Rex.

4

Plaintiff's subjective feelings and opinions cannot create a question of material fact. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (finding that "[w]hile a Title VII plaintiff may present direct or indirect evidence to support her claim of discrimination, unsupported speculation is insufficient."); *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) (finding that plaintiff's own opinions and conclusory allegations lack sufficient "probative force to reflect a genuine issue of material fact"). As plaintiff has neither proffered any basis to impute liability to Rex nor demonstrated that her co-workers' acts created a hostile work environment, no rational factfinder could conclude by a preponderance of the evidence that plaintiff made out a prima facie case of harassment. Therefore, summary judgment is appropriate.

RETALIATION

Ms. Lubula also alleges that Rex made false accusations against her and gave her "bogus warning letters." After reviewing the supporting materials, it appears that plaintiff's chief concern is that Rex allegedly retaliated against her for complaining by giving her a negative performance review and by disciplining her. Accordingly, Court construes plaintiff's claims as ones of retaliation. To establish a prima facie case of retaliation, plaintiff must show "that she engaged in a protected activity, that she suffered an adverse employment action, and that the two are causally related." *Glover v. S.C. Law Enforcement Div.*, 170 F.3d 411, 413 (4th Cir. 1999).

While plaintiff's complaints might be considered a protected activity, a negative performance evaluation is not an adverse employment action. An employment action is adverse in the context of a retaliation claim if it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In *Burlington*, the Supreme Court emphasized that the law requires

5

"material adversity because . . . it is important to separate significant from trivial harms." *Id.* A single comment in an overall positive performance review with no material consequences cannot serve as an adverse action that would dissuade a reasonable employee from complaining about alleged discrimination. *Shoffner v. Talecris Biotherapeutics, Inc.*, No. 5:10-CV-406-FL, 2012 WL 525550 (E.D.N.C. Feb. 16, 2012); *Jones v. Dole Food Co., Inc.*, 827 F. Supp. 2d 532, 556 (W.D.N.C. 2011), *aff'd*, 473 F. App'x 270 (4th Cir. 2012) ("Even negative performance evaluations do not qualify where the evaluation does not result in a loss of pay, demotion, or other adverse employment consequences."). Moreover, Ms. Lubula has proffered no evidence that the negative performance evaluation was related to her discrimination complaint. *See Glover*, 170 F.3d at 413 (4th Cir. 1999). Accordingly, no rational factfinder could conclude by a preponderance of the evidence that plaintiff's performance evaluation could serve as the basis for her retaliation claim.

Plaintiff also alleges that she was unfairly disciplined in retaliation for her complaints. The discipline came in the form of a suspension and "Level Two" disciplinary action for failing to take a mandatory tuberculosis test. Plaintiff does not dispute that she failed to take the tuberculosis test. As support for the retaliatory nature of this disciplinary action, however, plaintiff argues that another co-worker, Contina Smith, did not receive the same discipline for failing to take her tuberculosis test. Assuming without deciding that plaintiff established a prima facie case, Rex has offered a legitimate reason for the disparity in discipline—Smith did, in fact, take her tuberculosis test prior to the set deadline, while Ms. Lubula did not. [DE 42–1]. Additionally, Rex has proffered evidence that at least 12 Rex employees were similarly disciplined under its policies for failing to meet employee health requirements [DE 42–1], while Ms. Lubula has proffered no rebuttal evidence to demonstrate that Rex's actions were merely a

6

Case 5:13-cv-00822-BO   Document 51   Filed 03/03/15   Page 6 of 7

pretext for discrimination. Accordingly, there is no issue of material fact as to plaintiff's retaliation claims, and Rex is entitled to summary judgment.

CONSTRUCTIVE DISCHARGE

Plaintiff claims she was constructively discharged because of her race and national origin. To show constructive discharge, Ms. Lubula must show that Rex "deliberately made [her] working conditions 'intolerable' in an effort to induce her to quit." *Amirmokri v. Baltimore Gas & Elec. Co.*, 60 F.3d 1126, 1132 (4th Cir. 1995) citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1535–54 (4th Cir. 1995). This requires plaintiff to prove both the deliberateness of defendant's actions and the intolerability of the working conditions. *Id.*

Plaintiff has presented no evidence that the working conditions were intolerable. Nor has she demonstrated that Rex attempted to induce her to quit in any way. Moreover, plaintiff's voluntary resignation letter stated that she would always be grateful for her rewarding work experience at Rex and was happy working there. [DE 42–1]. Ms. Lubula has cited no evidence from which a rational factfinder could conclude by a preponderance of the evidence that Rex deliberately made her working conditions intolerable or that her resignation was anything other than voluntary. Accordingly, summary judgment is appropriate.

CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment [DE 41] is GRANTED. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 2 day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7